Opinion issued December 6, 2007 





 





In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-06-00995-CR

____________


JANET NIDAY, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 339th District Court 

Harris County, Texas

Trial Court Cause No. 1032532






MEMORANDUM OPINION

 Appellant, Janet Niday, pleaded guilty to the offense of theft by a public
servant without an agreed recommendation as to punishment with the State, and the
trial court, after a pre-sentence investigation hearing, assessed her punishment at
confinement for 8 years. We affirm.

 Appellant's counsel on appeal has filed a brief stating that the record presents
no reversible error, that the appeal is without merit and is frivolous, and that the
appeal must be dismissed or affirmed. See Anders v. California, 386 U.S. 738, 87 S.
Ct. 1396 (1967). The brief meets the requirements of Anders by presenting a
professional evaluation of the record and detailing why there are no arguable grounds
for reversal. Id. at 744, 87 S. Ct. at 1400; S ee also High v. State, 573 S.W.2d 807,
810 (Tex. Crim. App.1978). 

 Counsel represents that he has served a copy of the brief on appellant. Counsel
also advised appellant of her right to examine the appellate record and file a pro se
brief. See Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). More than
30 days have passed, and appellant has not filed a pro se brief. Having reviewed the
record and counsel's brief, we agree that the appeal is frivolous and without merit and
that there is no reversible error. See Bledsoe v. State, 178 S.W.3d 824, 826-27(Tex.
Crim. App. 2005). 

 We affirm the judgment of the trial court and grant counsel's motion to
withdraw. (1) 

PER CURIAM


Panel consists of Justices Nuchia, Jennings, and Keyes.

Do not publish. Tex. R. App. P. 47.2(b).









 
1. Appointed counsel still has a duty to inform appellant of the result of this appeal and
that she may, on her own, pursue discretionary review in the Texas Court of Criminal
Appeals. See Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).